# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION



| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO.: H-13-628 |
| DELIA GARCIA DIAZ | § | |

## PLEA AGREEMENT

The United States of America, by and through Kenneth Magidson, United States Attorney for the Southern District of Texas, and Ruben R. Perez and Joe Magliolo, Assistant United States Attorneys, and Defendant, Delia Garcia Diaz, and Defendant's counsel, pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### The Defendant's Agreement

1. Defendant agrees to plead guilty to **Count VII of the Criminal Indictment.** Count VII of the Criminal Indictment charges Defendant with Conspiracy to Commit Money Laundering, in violation of Title 18, United States Code, Sections 1956(h) and (a)(1)(B)(i)(ii). Defendant, by entering this plea, agrees that she is waiving any right to have the facts that the law makes essential to the punishment either charged in the Criminal Indictment or proven to a jury or judge beyond a reasonable doubt.

### Punishment Range

2. The statutory maximum penalty for each violation of Title 8, United States Code, Title 18, United States Code, Sections 1956(h) and (a)(1)(B)(i)(ii), is a term of imprisonment of not more than twenty (20) years and a fine of not more than $500,000.00 or twice the value of the property involved in the transaction, which is greater, or both. Additionally, Defendant may

1

receive a term of supervised release after imprisonment of up to three (3) years, Title 18, United States Code, §§ 3559(a) and 3583(b). Defendant acknowledges and understands that if she should violate the conditions of any period of supervised release which may be imposed as part of her sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation, Title 18, United States Code, §§ 3559(a) and 3583(e)(3). Defendant understands that she cannot have the imposition or execution of the sentence suspended, nor is she eligible for parole.

### Mandatory Special Assessment

3. Pursuant to Title 18, United States Code, § 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

### Immigration Consequences

4. Defendant recognizes that pleading guilty may have consequences with respect to her immigration status if she is not a citizen of the United States. Defendant understands that if she is not a citizen of the United States, by pleading guilty she may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

## Waiver of Appeal

5. Defendant is aware that Title 28, United States Code, § 1291, and Title 18, United States Code, § 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant knowingly and voluntarily waives the right to appeal the conviction and the sentence imposed, or the manner in which the sentence was determined. Additionally, Defendant is aware that Title 28, United States Code, § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. Defendant knowingly and voluntarily waives the right to contest her conviction or sentence by means of any post-conviction proceeding. In the event the Defendant files a notice of appeal following the imposition of the sentence, the United States will assert its rights under this agreement and seek specific performance of this waiver. Nothing in the foregoing waiver of appellate and collateral review rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

6. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the Sentencing Guidelines that she may have received from her counsel, the United States, or the Probation Office, is a prediction, not a promise, and such estimate did not induce her guilty plea and is not binding on the United States, the Probation Office, or the Court. The United States does not make any promise or representation concerning what sentence Defendant will receive. Defendant further understands and agrees that the Sentencing Guidelines are "effectively advisory" to the Court. *United States v. Booker*, 125 S. Ct. 738 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound

to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

7. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this Plea Agreement.

## The United States' Agreements

8. The United States agrees to each of the following:

(a) If Defendant pleads guilty to Count VII of the Criminal Indictment and persists in that plea through sentencing, and if the Court accepts this Plea Agreement, the United States will move to dismiss any remaining counts of the Indictment at the time of sentencing;

(b) At the time of sentencing, the United States agrees not to oppose Defendant's anticipated request to the Court and the United States Probation Office that she receive a two (2)- level downward adjustment under § 3E1.1(a) of the Sentencing Guidelines should Defendant accept responsibility as contemplated by the Sentencing Guidelines (U.S.S.G.);

(c) If Defendant qualifies for an adjustment under U.S.S.G. § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States may move for an additional one (1)-level downward adjustment based on the timeliness of the plea or the expeditious manner in which Defendant provided complete information regarding her role in the offense.

## Agreement Binding - Southern District of Texas Only

9. The United States agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the Criminal Indictment. This Plea Agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney. The United States will bring this Plea Agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices if requested.

**United States' Non-Waiver of Appeal**

10. The United States reserves the right to carry out its responsibilities under the Sentencing Guidelines. Specifically, the United States reserves the right:

(a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b) to set forth or dispute sentencing factors or facts material to sentencing;

(c) to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d) to file a pleading relating to these issues, in accordance with U.S.S.G. § 6A1.2 and Title 18, United States Code, § 3553(a); and

(a) to appeal the sentence imposed or the manner in which it was determined.

**Sentence Determination**

11. Defendant is aware that the sentence will be imposed after consideration of the Sentencing Guidelines, which are only advisory, as well as the provisions of Title 18, United States Code, § 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court, and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this Plea Agreement.

## Rights at Trial

12. Defendant represents to the Court that she is satisfied that her attorney has rendered effective assistance. Defendant understands that by entering into this Agreement, she surrenders certain rights as provided in this Plea Agreement. Defendant understands that those rights include the following:

   (a) If Defendant persisted in a plea of not guilty to the charges, Defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

   (b) At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and her attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on her own behalf. If the witnesses for Defendant would not appear voluntarily, she could require their attendance through the subpoena power of the court.

   (c) At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, she could testify on her own behalf.

## Factual Basis for Guilty Plea

13. Defendant is pleading guilty because she _is_ guilty of the charges contained in Count VII of the Criminal Indictment. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

   **During the course of the conspiracy as outlined in count seven of the indictment, defendant and her co-conspirators knowingly caused her family members, friends, and employees of Las Palmas II, a brothel/cantina located in Houston, Texas, to purchase cashier's checks with proceeds from a specified unlawful activity, namely, a commercial sex enterprise operated at Las Palmas II, in order to avoid the bank's reporting requirement threshold under State and Federal law. The defendant knew that these transactions were designed in whole or in part to avoid the reporting requirement threshold of greater than $10,000, and to conceal and disguise the**

nature, location, source, ownership, and control of the proceeds of the specified unlawful activity. In or about September 5, 2011 and continuing through in or around November 7, 2011, defendant and her co-conspirators purchased twenty-nine (29) cashier's checks with cash derived from Las Palmas II, each under the reporting requirement threshold of greater than $10,000 in U.S. Currency totaling $259,689.07.

### Breach of Plea Agreement

14. If Defendant should fail in any way to fulfill completely all of the obligations under this Plea Agreement, the United States will be released from its obligations under the Plea Agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals or disposes of assets in violation of this Plea Agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this Plea Agreement, and all leads derived therefrom, will be used against Defendant in any prosecution.

### Forfeiture, Restitution, and Fines

15. This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that she will make a full and complete disclosure of all assets over which she exercises direct or indirect control, or in which she has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which she has an interest, unless Defendant obtains the prior written permission of the United States.

16. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500) by the deadline set by the United States, or if no

deadline is set, prior to sentencing. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

17. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of her assets to deliver all funds and records of such assets to the United States.

18. Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

## Forfeiture

19. Defendant admits that the money laundering conspiracy that she is pleading guilty to involved at least $259,689.07 and that the factual basis supports a personal money judgment in the amount of $259,689.07 against her and in favor of the United States of America. Defendant agrees to the imposition of a money judgment against her in that amount. Defendant stipulates and admits that one or more of the conditions set forth in Title 21, United States Code, § 853(p) exists. Other than the real property and improvements located at 1415 Somercotes, Channelview, Texas, Defendant agrees to forfeit any of her property, or her interest in property, until the money judgment is fully satisfied.

20. Other than the real property and improvements located at 1415 Somercotes, Channelview, Texas, Defendant agrees to forfeit, whether in this criminal case, in a related civil forfeiture case, or as substitute assets, the properties listed in the Indictment's Notice of Forfeiture (Dkt. No. 1), the United States Notice of Forfeiture of Additional Properties Subject to Forfeiture (Dkt. No. 332), and the Superseding Criminal Information's Notice of Forfeiture (Dkt. No. 319). Defendant agrees she will make no claim, directly or indirectly, to property forfeited by any other defendant in this case or any related criminal or civil case. Defendant also agrees that she will assist the United States in the forfeiture of all properties including, but not limited to, taking the steps set out in paragraph 17 above. Defendant admits that in September 2013, she transferred title to four of the real properties from her name to the name of Las Palmas Nightclub, Inc., a company she organized, owns, and controls. Defendant admits Las Palmas Nightclub, Inc., paid nothing for these real properties and she agrees to assist in forfeiting these properties to the United States.

21. Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

22. Defendant consents to the order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Rule 32.2(b)(4)(A), Fed.R.Crim.Pro.

23. Defendant waives the right to challenge the imposition of the money judgment and the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

**Restitution**

24. In the event restitution is awarded in this case, the United States agrees to request

that the Department of Justice restore the forfeited property identified in paragraph 20 above to the victims of the offense regardless of the count of conviction.

25. Defendant agrees to pay full restitution to the victims regardless of the count of conviction. Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victims. Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment. Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

26. Defendant understands that any property, including the real property and improvements located at 1415 Somercotes, Channelview, Texas, may be subject to the payment of restitution, in the event that the Court orders restitution in this case.

**Fines**

27. Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

**Complete Agreement**

28. This written Plea Agreement, consisting of 12 pages, including the attached addendum of Defendant and her attorney, constitutes the complete Plea Agreement between the United States, Defendant, and her counsel. No promises or representations have been made by the United States except as set forth in writing in this Plea Agreement. Defendant acknowledges

that no threats have been made against her and that she is pleading guilty freely and voluntarily because she is guilty.

29. Any modification of this Plea Agreement must be in writing and signed by all parties.

Filed at Houston, Texas, on November 21, 2014.

_____
Defendant – Delia Garcia Diaz

Subscribed and sworn to before me on November 21, 2014.

DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

Kenneth Magidson
United States Attorney

By: _____
RUBEN R. PEREZ
Assistant United States Attorney
Southern District of Texas
Telephone: 713-567-9344
Facsimile: 713-718-3300

_____
Billy Skinner-Attorney at Law

_____
JOE MAGLIOLO
Assistant United States Attorney

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| v. | § | CRIMINAL NO.: H-13-628 |
| | § | |
| DELIA GARCIA DIAZ | § | |

**PLEA AGREEMENT – ADDENDUM**

I have fully explained to Defendant her rights with respect to the pending Criminal Indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this Plea Agreement with Defendant. To my knowledge, Defendant's decision to enter into this Agreement is an informed and voluntary one.

_____      _____
Attorney for Defendant – Billy Skinner      Date

I have consulted with my attorney and fully understand all my rights with respect to the Indictment pending against me. My attorney has fully explained and I understand all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this Plea Agreement with my attorney. I understand this Agreement and I voluntarily agree to its terms.

_____      _____
Defendant – Delia Garcia Diaz      Date

12