

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO.: H-13-628-S |
| GRACIELA MEDELES OCHOA | § | |

## PLEA AGREEMENT

The United States of America, by and through Kenneth Magidson, United States Attorney for the Southern District of Texas, and Ruben R. Perez and Joe Magliolo, Assistant United States Attorneys, and Defendant, Graciela Medeles Ochoa, and Defendant's counsel, pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### The Defendant's Agreement

1. Defendant agrees to plead guilty to **Count III of the Superseding Criminal Information.** Count III of the Superseding Criminal Information charges Defendant with Aiding and Abetting to Harbor Illegal Aliens, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(v)(II), 1324(a)(1)(A)(iii) and 1324(a)(1)(B)(ii). Defendant, by entering this plea, agrees that she is waiving any right to have the facts that the law makes essential to the punishment either charged in the Superseding Criminal Information or proven to a jury or judge beyond a reasonable doubt.

### Punishment Range

2. The statutory maximum penalty for each violation of Title 8, United States Code, Sections 1324(a)(1)(A)(v)(II), 1324(a)(1)(A)(iii) and 1324(a)(1)(B)(ii), is a term of

imprisonment of not more than five (5) years and a fine of not more than $250,000.00. Additionally, Defendant may receive a term of supervised release after imprisonment of up to three (3) years, Title 18, United States Code, §§ 3559(a) and 3583(b). Defendant acknowledges and understands that if she should violate the conditions of any period of supervised release which may be imposed as part of her sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation, Title 18, United States Code, §§ 3559(a) and 3583(e)(3). Defendant understands that she cannot have the imposition or execution of the sentence suspended, nor is she eligible for parole.

### Mandatory Special Assessment

3. Pursuant to Title 18, United States Code, § 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

### Immigration Consequences

4. Defendant recognizes that pleading guilty may have consequences with respect to her immigration status if she is not a citizen of the United States. Defendant understands that if she is not a citizen of the United States, by pleading guilty she may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

**Waiver of Appeal**

5.     Defendant is aware that Title 28, United States Code, § 1291, and Title 18, United States Code, § 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant knowingly and voluntarily waives the right to appeal the conviction and the sentence imposed, or the manner in which the sentence was determined. Additionally, Defendant is aware that Title 28, United States Code, § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. Defendant knowingly and voluntarily waives the right to contest her conviction or sentence by means of any post-conviction proceeding. In the event the Defendant files a notice of appeal following the imposition of the sentence, the United States will assert its rights under this agreement and seek specific performance of this waiver. Nothing in the foregoing waiver of appellate and collateral review rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

6.     In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the Sentencing Guidelines that she may have received from her counsel, the United States, or the Probation Office, is a prediction, not a promise, and such estimate did not induce her guilty plea and is not binding on the United States, the Probation Office, or the Court. The United States does not make any promise or representation concerning what sentence Defendant will receive. Defendant further understands and agrees that the Sentencing Guidelines are "effectively advisory" to the Court. *United States v. Booker*, 125 S. Ct. 738 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound

to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

7. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this Plea Agreement.

## The United States' Agreements

8. The United States agrees to each of the following:

   (a) If Defendant pleads guilty to Count III of the Superseding Criminal Information and persists in that plea through sentencing, and if the Court accepts this Plea Agreement, the United States will move to dismiss any remaining counts of the Indictment at the time of sentencing;

   (b) At the time of sentencing, the United States agrees not to oppose Defendant's anticipated request to the Court and the United States Probation Office that she receive a two (2)- level downward adjustment under § 3E1.1(a) of the Sentencing Guidelines should Defendant accept responsibility as contemplated by the Sentencing Guidelines (U.S.S.G.);

   (c) If Defendant qualifies for an adjustment under U.S.S.G. § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States may move for an additional one (1)-level downward adjustment based on the timeliness of the plea or the expeditious manner in which Defendant provided complete information regarding her role in the offense.

## Agreement Binding - Southern District of Texas Only

9. The United States agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the Superseding Criminal Information. This Plea Agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney. The United States will bring this Plea Agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices if requested.

## United States' Non-Waiver of Appeal

10. The United States reserves the right to carry out its responsibilities under the Sentencing Guidelines. Specifically, the United States reserves the right:

(a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b) to set forth or dispute sentencing factors or facts material to sentencing;

(c) to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d) to file a pleading relating to these issues, in accordance with U.S.S.G. § 6A1.2 and Title 18, United States Code, § 3553(a); and

(a) to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

11. Defendant is aware that the sentence will be imposed after consideration of the Sentencing Guidelines, which are only advisory, as well as the provisions of Title 18, United States Code, § 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court, and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this Plea Agreement.

## Rights at Trial

12. Defendant represents to the Court that she is satisfied that her attorney has rendered effective assistance. Defendant understands that by entering into this Agreement, she surrenders certain rights as provided in this Plea Agreement. Defendant understands that those rights include the following:

   (a) If Defendant persisted in a plea of not guilty to the charges, Defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

   (b) At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and her attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on her own behalf. If the witnesses for Defendant would not appear voluntarily, she could require their attendance through the subpoena power of the court.

   (c) At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, she could testify on her own behalf.

## Factual Basis for Guilty Plea

13. Defendant is pleading guilty because she is guilty of the charges contained in Count III of the Superseding Criminal Information. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

   Between the summer of 1999 and October 9, 2013, Defendant and her co-defendants worked for Las Palmas II, a cantina located in Houston, Texas, knowing that the Las Palmas II concealed, harbored and shielded the illegal aliens who worked there from detection by law enforcement and that the owners of the cantina were profiting from the

6

concealment of the illegal aliens. The defendant recognized that part of her job was to aid in the operation of the business which in turn facilitated the concealment of the illegal aliens. The defendant's conduct substantially facilitated the concealment, harboring and shielding of the employees and patrons of the Las Palmas II, who she knew were illegally in the United States. Specifically, the defendant and her co-defendants participated in the counting and distribution of the proceeds from the illegal activity at Las Palmas II. The proceeds were counted at a property located at 1347 Dell Dale, Channelview, Texas 77530.

**Breach of Plea Agreement**

14. If Defendant should fail in any way to fulfill completely all of the obligations under this Plea Agreement, the United States will be released from its obligations under the Plea Agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals or disposes of assets in violation of this Plea Agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this Plea Agreement, and all leads derived therefrom, will be used against Defendant in any prosecution.

**Restitution, Forfeiture, and Fines**

15. This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that she will make a full and complete disclosure of all assets over which she exercises direct or indirect control, or in which she has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which she has an interest, unless Defendant obtains the prior written permission of the United States.

16. Defendant agrees to make complete financial disclosure by truthfully executing a

7

sworn financial statement (Form OBD-500) by the deadline set by the United States, or if no deadline is set, prior to sentencing. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

17. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of her assets to deliver all funds and records of such assets to the United States.

18. Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

### Restitution

19. Defendant agrees to pay full restitution to the victims regardless of the count of conviction. Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victims. Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment. Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

## Forfeiture

20. Defendant admits and agrees that the real property and improvements located at 1347 Dell Dale, Channelview, Texas 77530 (the "Dell Dale Property") and 7738 Bellfort St., Houston, Texas 77061 (the "Bellfort Property") are subject to forfeiture and should be forfeited to the United States. Defendant agrees that the United States may elect, in its sole discretion, whether to forfeit the Dell Dale Property and the Bellfort Property in this criminal case or in a related civil case. Defendant agrees that she will make no claim to such properties and that she will not contest the forfeiture of such properties. Defendant further agrees to execute any documents necessary to effect the forfeiture and transfer of the properties, including but not limited to an agreed judgment or order of forfeiture.

21. Defendant admits that the Dell Dale Property and the Bellfort Property were used to facilitate the business at Las Palmas II. Specifically, Defendant admits that proceeds from Las Palmas II were delivered to Hortencia Medeles-Arguello ("Tencha") at the Bellfort Property and that proceeds from Las Palmas II as well as supplies that were used or intended to be used to further the illegal activity at Las Palmas II were kept at the Bellfort Property. Defendant admits that proceeds obtained from the business at Las Palmas II were counted and distributed at the Dell Dale Property (including the proceeds she admits she counted and distributed as part of the offense of conviction).

22. Defendant further admits that the Bellfort Property was purchased, at least in part, with proceeds from Las Palmas II. Defendant admits that she and her husband paid no more than $10,000 towards the purchase price of this property and that the remainder of the purchase price was paid by Tencha.

23. Defendant understands and acknowledges that any property that is not forfeited

may nonetheless be subject to the payment of restitution, in the event that the Court orders restitution in this case.

24. Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state. Aside from the Dell Dale Property and Bellfort Property, which are addressed above, Defendant agrees that she either has no interest in or waives any and all interest she may have or could assert in the specific property listed in the Indictment's Notice of Forfeiture or in any of the money or other personal property seized on or about October 10, 2013 in connection with this case, including but not limited to, an approximate total of $6,455.30 seized from Eduardo Guzmán Gonzales aka Miguel Rojas aka El Pantera and from an apartment in Houston, Texas; an approximate total of $4,650.00 seized from an apartment in Houston, Texas; an approximate total of $713.41 seized from an apartment in Houston, Texas; an approximate total of $1,080.00 seized from Jorge Antonio Teloxa-Barbosa and from a white Nissan Titan pickup truck; assorted jewelry and coins and an approximate total of $1,885.00 seized from a residence in Channelview, Texas; and an approximate total of $603.00 seized from a business located at 5618 Telephone Road in Houston, Texas. Defendant agrees that she will not contest the forfeiture of such property and that she will make no claim whatsoever to such property or any property forfeited by any other defendant in this case or any related criminal or civil case. Defendant further agrees that she will execute, if requested by the United States, any documents necessary to effect the forfeiture and transfer of the aforementioned properties, including but not limited to a consent judgment.

25. Defendant consents to the order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Rule 32.2(b)(4)(A), Fed.R.Crim.Pro.

26. Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

### Fines

27. Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

### Complete Agreement

28. This written Plea Agreement, consisting of 13 pages, including the attached addendum of Defendant and her attorney, constitutes the complete Plea Agreement between the United States, Defendant, and her counsel. No promises or representations have been made by the United States except as set forth in writing in this Plea Agreement. Defendant acknowledges that no threats have been made against her and that she is pleading guilty freely and voluntarily because she is guilty.

29. Any modification of this Plea Agreement must be in writing and signed by all parties.

Filed at Houston, Texas, on December 12, 2014.

_____
Defendant–Graciela Medeles Ochoa

Subscribed and sworn to before me on December  12 , 2014.

DAVID J. BRADLEY, Clerk<br>
UNITED STATES DISTRICT CLERK

By: _____<br>
Deputy United States District Clerk

APPROVED:
Kenneth Magidson
United States Attorney

By: _____
RUBEN R. PEREZ
Assistant United States Attorney
Southern District of Texas
Telephone: 713-567-9344
Facsimile: 713-718-3301

_____
JOE MAGLIOLO
Assistant United States Attorney

_____
David Bires-Attorney for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § | CRIMINAL NO.: H-13-628-S |
| GRACIELA MEDELES OCHOA | § § § | |

## PLEA AGREEMENT – ADDENDUM

I have fully explained to Defendant her rights with respect to the pending Superseding Criminal Information. I have reviewed the provisions of the United States Sentencing Commission's <u>Guidelines Manual</u> and <u>Policy Statements</u> and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this Plea Agreement with Defendant. To my knowledge, Defendant's decision to enter into this Agreement is an informed and voluntary one.

_____     12-12-14
Attorney for Defendant – David Bires        Date

I have consulted with my attorney and fully understand all my rights with respect to the Information pending against me. My attorney has fully explained and I understand all my rights with respect to the provisions of the United States Sentencing Commission's <u>Guidelines Manual</u> which may apply in my case. I have read and carefully reviewed every part of this Plea Agreement with my attorney. I understand this Agreement and I voluntarily agree to its terms.

_____     12-12-14
Defendant – Graciela Medeles Ochoa        Date

13