UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § <br> § <br> VS. § <br> § CRIMINAL NO.: H-13-628-SS <br> HORTENCIA MEDELES-ARGUELLO § <br> aka RAQUEL MEDELES GARCIA § <br> aka TENCHA § | |

## SUPERSEDING CRIMINAL INDICTMENT

THE GRAND JURY CHARGES THAT:

### COUNT ONE

**Sex Trafficking Conspiracy**
**[Title 18, U.S.C., Sections 1591 and 1594(c)]**

Beginning in or about January 2009, and continuing until October 2013, in the Southern District of Texas and elsewhere, defendant,

**HORTENCIA MEDELES-ARGUELLO**
**aka RAQUEL MEDELES GARCIA**
**aka TENCHA**

with others known and unknown to the Grand Jury, did knowingly conspire, combine, confederate and agree, to commit an offense against the United States; that is:

(1)(a). To, in and affecting interstate and foreign commerce, recruit, entice, harbor, transport, provide, obtain, and maintain by any means a person knowing and in reckless disregard of the fact that force, threats of force, fraud, coercion and any combination of such means would be used to cause the person to engage in a commercial sex act, contrary to Title 18, United States Code, Section 1591 (a), and

1

(1)(b). To benefit, financially and by receiving a thing of value, from participation in a venture which has engaged in recruiting, enticing, harboring, transporting, providing, obtaining, and maintaining by any means a person knowing and in reckless disregard of the fact that force, threats of force, fraud, coercion as defined in Title 18, United States Code, Section 1591, and any combination of such means would be used to cause the person to engage in a commercial sex act, contrary to Title 18, United States Code, Section 1591, and

(2)(a). To, in and affecting interstate and foreign commerce, recruit, entice, harbor, transport, provide, obtain, and maintain by any means a person knowing and in reckless disregard of the fact that such person had not attained the age of 18 years and would be caused to engage in a commercial sex act, contrary to Title 18, United States Code, Section 1591(a), and

(2)(b). To benefit, financially and by receiving anything of value, from participation in a venture which has engaged in recruiting, enticing, harboring, transporting, providing, obtaining, and maintaining by any means a person knowing and in reckless disregard of the fact that such person had not attained the age of 18 years and would be caused to engage in a commercial sex act, contrary to Title 18, United States Code, Section 1591(a).

**In violation of Title 18, United States Code, Sections 1591 and 1594(c).**

## COUNT TWO

**Conspiracy to Harbor Illegal Aliens**
**[Title 8, U.S.C., Sections 1324(a)(1)(A)(v)(I), 1324(a)(1)(A)(iii), and 1324(a)(1)(B)(i)]**

From in or about August 1999 to October 2013 in the Southern District of Texas and elsewhere, defendant,

**HORTENCIA MEDELES-ARGUELLO**
**aka RAQUEL MEDELES GARCIA**
**aka TENCHA**

with others known and unknown to the Grand Jury, did knowingly and willfully conspire, confederate and agree, to commit offenses against the United States, that is:

To knowingly and in reckless disregard of the fact that aliens had come to, entered and remained in the United States in violation of law, attempted to and did conceal, harbor, and shield from detection, such aliens in buildings and other places in and around Houston, Texas, for purposes of commercial advantage and private financial gain.

**In violation of Title 8, United States Code, Sections 1324(a)(1)(A)(v)(I), 1324(a)(1)(A)(iii), 1324(a)(1)(B)(i).**

## COUNT THREE

**Money Laundering**
**[Title 18, U.S.C., Section 1956(a)(1)(B)(i)]**

From on or around June 1, 2010 and continuing through on or around August 23, 2010, in the Southern District of Texas and elsewhere, defendant,

**HORTENCIA MEDELES-ARGUELLO**
**aka "RAQUEL MEDELES GARCIA"**
**aka "TENCHA"**

aiding and abetting others known and unknown to the Grand Jury did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, four (4) check payments to Vanderbilt Mortgage from a Chase bank account ending in *6350 totaling approximately $22,265.78, which involved the proceeds of a specified unlawful activity, that is sex trafficking in violation of Title 18 United States Code Section 1591, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

In violation of Title 18 United States Code, Sections 2 and 1956(a)(1)(B)(i).

## COUNT FOUR

**Money Laundering**
**[Title 18, U.S.C., Section 1956(a)(1)(B)(i)]**

From on or around February 1, 2011, and continuing through on or around May 1, 2012, in the Southern District of Texas and elsewhere, defendant,

**HORTENCIA MEDELES-ARGUELLO**
**aka "RAQUEL MEDELES GARCIA"**
**aka "TENCHA"**

aiding and abetting others known and unknown to the Grand Jury did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, sixteen (16) check payments to an individual in the name of RH from Chase account ending in *6350 totaling approximately $21,333.28, which involved the proceeds of a specified unlawful activity, that is sex trafficking in violation of Title 18 United States Code Section 1591, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

In violation of Title 18 United States Code, Sections 2 and 1956(a)(1)(B)(i).

## COUNT FIVE

**Money Laundering**
**[Title 18, U.S.C., Section 1956(a)(1)(B)(i)]**

From on or around August 25, 2010, and continuing through on or around May 1, 2012, in the Southern District of Texas and elsewhere, defendant,

**HORTENCIA MEDELES-ARGUELLO
aka "RAQUEL MEDELES GARCIA"
aka "TENCHA"**

aiding and abetting others known and unknown to the Grand Jury did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, seventeen (17) check payments and one (1) cashier's check payment to an individual in the name of JL from a Chase bank account ending in *6350 totaling approximately $26,242.35, which involved the proceeds of a specified unlawful activity, that is sex trafficking in violation of Title 18 United States Code Section 1591, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

**In violation of Title 18 United States Code, Sections 2 and 1956(a)(1)(B)(i).**

## COUNT SIX

**Conspiracy to Commit Money Laundering
[Title 18, U.S.C., Section 1956(h)]**

Beginning on or around September 15, 2011, and continuing through in or around November 7, 2011, in the Southern District of Texas and elsewhere, defendant,

**HORTENCIA MEDELES-ARGUELLO
aka RAQUEL MEDELES GARCIA
aka TENCHA**

with others known and unknown to the Grand Jury, conspired and agreed with one another to knowingly commit an offense against the United States, in violation of Title 18, United States Code, Section 1956, to wit:

did knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, Title 18, United States Code, Section 1591, knowing that the transactions were designed in whole and in part to avoid the currency transaction reporting requirement threshold greater than $10,000.00 of U.S. Currency derived from said specified unlawful activity.

**In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(ii), 1956(h).**

## NOTICE OF FORFEITURE
**(18 U.S.C. § 1594(d); 18 U.S.C. § 1594(e) and 28 U.S.C. § 2461(c))**

Pursuant to Title 18, United States Code, Section 1594(d) and Title 18, United States Code, Section 1594(e) and Title 28, United States Code, Section 2461(c), the United States gives notice to defendant,

**HORTENCIA MEDELES-ARGUELLO**
**aka RAQUEL MEDELES GARCÍA**
**aka TENCHA**

that in the event of conviction of the offense charged in Count One of this Superseding Indictment, the following property is subject to forfeiture:

(1) all real and personal property that was used or intended to be used to commit or to facilitate the commission of such violation; and

(2) all real and personal property constituting or derived from, proceeds obtained, directly or indirectly, from or traceable to such violation.

## NOTICE OF FORFEITURE
**(18 U.S.C. § 982(a)(6); 8 U.S.C. § 1324(b) and 28 U.S.C. § 2461(c))**

The United States gives notice to defendant,

**HORTENCIA MEDELES-ARGUELLO**
**aka RAQUEL MEDELES GARCIA**
**aka TENCHA**

that in the event of conviction of the offense charged in Count Two of this Superseding Indictment, the following property is subject to forfeiture:

(1) all conveyances, including vessels, vehicles, and aircraft, used in the commission of the offense pursuant to 18 U.S.C. § 982(a)(6);

(2) all real and personal property that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense pursuant to 18 U.S.C. § 982(a)(6);

(3) all real and personal property that is used to facilitate, or is intended to be used to facilitate, the commission of the offense pursuant to 18 U.S.C. § 982(a)(6); and

(4) all conveyances, including vessels, vehicles, and aircraft, used in the commission of the offense, the gross proceeds of such violation, and all property traceable to such conveyances or proceeds pursuant to 8 U.S.C. § 1324(b) and 28 U.S.C. § 2461(c).

## NOTICE OF FORFEITURE
### 18 U.S.C. § 982(a)(1)

Pursuant to Title 18, United States Code, Section 982(a)(1), the United States gives notice to defendant,

**HORTENCIA MEDELES-ARGUELLO**
**aka RAQUEL MEDELES GARCIA**
**aka TENCHA**

that in the event of conviction of any of the offenses charged in Counts Three through Six of this Superseding Indictment, all real and personal property involved in such money laundering offenses or traceable to such property is subject to forfeiture.

## Property Subject to Forfeiture

Defendant is notified that the property subject to forfeiture includes, but is not limited to, the following property:

(1) At least $12,500,000.00 in United States dollars.

(2) The real property, improvements and appurtenances located at 7738 Bellfort Street, Houston, Texas 77061 and legally described as:

> Lot Thirteen (13) Block Twenty-Eight (28), of Glenbrook Valley, Section Eight (8), a subdivision in Harris County, Texas according to the map or plat thereof, recorded in Volume 50, Page 40 of the Map Records of Harris County, Texas.

(3) The real property, improvements and appurtenances with addresses of 5618 and 5612 Telephone Road, Houston, Texas 77087 and legally described as:

> Lots 15, 16 and 17, in Block "H", Houston Acreage Estates, an addition to the City of Houston, Harris County, Texas, according to the map or plat thereof, recorded in Volume 12, Page 63 of the Map Records of Harris County, Texas, save and except a tract or parcel of land out of said Lot 17, described by metes and bounds in a deed recorded in the real property records of Harris County, Texas on September 13, 1999 under file number T961377.

(4) The real property, improvements and appurtenances located at 2027 McCarty Drive, Houston, Texas 77029 and legally described as:

> Lot 15 Block 57 of Port Houston Addition, in Harris County, Texas.

(5) The real property, improvements and appurtenances located at 403 Elsbeth Street, Channelview, Texas 77530 and legally described as:

> A tract of land containing 0.264 acres, more or less, out of and a part of Lots Three (3) and Four (4), in Block Two (2), of Lakeside Park Estates, an addition in Harris County, Texas, according to the map or

plat thereof, recorded in Volume 12, Page 88 of the Map Records of Harris County, Texas, as more particularly described by metes and bounds in the deed recorded in the real property records of Harris County, Texas on May 1, 2009 under file number 20090181850.

(6) The manufactured house currently located at 403 Elsbeth, Channelview, Texas 77530 (model: Sierra Vista; serial number: CLW023487TX; label/seal number: HWC0367210; manufacture date: 1/4/2006)).

(7) The real property, improvements and appurtenances located 16501 North Shore Drive, Channelview, Texas 77530 and legally described as:

Parcel Number 5 Being a part of Lots 2 and 3, in Block 2, in Lakeside Park Estates, a subdivision in the B.N. Garrett Survey, Abstract 1710 in Harris County, Texas, according to the map or plat thereof recorded in Volume 12, at Page 38 of the Map Records of Harris County, Texas, as more particularly described in a deed recorded in the real property records of Harris County, Texas on September 9, 2010 under file number 20100386344.

(8) The manufactured house currently located at 16501 North Shore Dr., Channelview, Texas 77530 (model: Carriage; serial number: SHA01175; label/seal number: TRA0205830).

(9) The real property, improvements and appurtenances located 919 Freeport Street, Houston, Texas, 77015 and legally described as:

Lot 2, in Block 165, of Clover Leaf Subdivision, Unit, 6, a subdivision in Harris County, Texas, according to the map or plat thereof, recorded in Volume 18, Page 47 of the Map Records of Harris County, Texas.

(10) The real property, improvements and appurtenances with addresses of 4670 and 4660 Telephone Road, Houston, Texas 77087 and legally described as:

Tract I
The West 100.5 feet of Lot Seven (7), and the adjoining West 100.5 feet of the South 79.64 feet of Lot Six (6), Parkview Addition, an addition in Harris County, Texas, according to the map or plat thereof recorded in Volume 655, Page 244, Deed

Records, Harris County, Texas.

<u>Tract II</u>
The North 70.36 feet of Lot Six (6) of Parkview Addition, an Addition out of the Jacob Thomas Survey in Harris County, Texas, according to the map or plat thereof recorded in Volume 655, Page 243 of the Deed Records of Harris County, Texas, and being more particularly described by metes and bounds on Exhibits A and B to a deed recorded in the real property records of Harris County, Texas on August 2, 1999 under file number T878880.

(11) The real property, improvements, and appurtenances located at 4678 Telephone Road, Houston, Texas, 77087, and legally described as:

> That certain tract or parcel of land out of Lot Seven (7), in PARKVIEW SUBDIVISION in the Jacob Thomas Survey, Abstract No. 762 in Harris County, Texas, and being more particularly described by metes and bounds in a deed recorded in the real property records of Harris County, Texas, on September 16, 2013, under file number 20130473252.

(12) The real property, improvements, and appurtenances located at 1910 and 1912 Iron Ore Drive, Huffman, Texas, 77336, and legally described as:

> Being a tract of land containing 5.0663 acres (220,690 square feet), more or less, situated in the Gilbert Brooks Survey, Abstract 6, Harris County, Texas, conveyed unto Gerald D. Dufrene and Laura S. Dufrene, by Deed recorded under County Clerk's File No. U-504561 of the Official Public Records of Harris County, Texas, being more commonly known as Tracts Twenty-Five (25) and Twenty-Six (26), of LAKE HOUSTON FOREST, SECTION III, an unrecorded, an unrecorded subdivision Plat located in Harris County, Texas. Said 5.0663 acre tract being more particularly described by metes and bounds on Exhibit A to a deed recorded in the real property records of Harris County, Texas, on September 20, 2013, under file number 20130485233.

(13) The real property, improvements, and appurtenances located at 831 Canna Street,

Channelview, Texas, 77530, and legally described as:

> LOT FIFTEEN (15), IN BLOCK TWENTY-TW0 (22), OF PARTIAL REPLAT OF STERLING FOREST SECTION TWO (2), AN ADDITION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 141, PAGE 60 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS, ALSO KNOWN AS 831 CANNA DRIVE, CHANNELVIEW, HARRIS COUNTY, TEXAS 77530.

(14)   An approximate total of $4,650.00 in United States Currency seized from an apartment in Houston, Texas, on or about October 10, 2013.

(15)   An approximate total of $6,455.30 in United States Currency seized from Eduardo Guzman Gonzales aka Miguel Rojas aka El Pantera and from an apartment in Houston, Texas, on or about October 10, 2013.

(16)   An approximate total of $1,885.00 in United States Currency seized from a residence in Channelview, Texas, on or about October 10, 2013.

(17)   An approximate total of $713.41 in United States Currency seized from an apartment in Houston, Texas, on or about October 10, 2013.

(18)   An approximate total of $603.00 in United States Currency seized from a business on 5618 Telephone Road in Houston, Texas, on or about October 10, 2013.

(19)   Assorted jewelry and coins seized from a residence in Channelview, Texas, on or about October 10, 2013.

## Money Judgment

Defendant is notified that in the event of conviction, a money judgment may be imposed equal to the total value of the property subject to forfeiture.

## Substitute Assets

Defendant is notified that in the event that property subject to forfeiture, as a result of any act or omission of defendant,

(A) cannot be located upon the exercise of due diligence;

(B) has been transferred or sold to, or deposited with, a third party;

(C) has been placed beyond the jurisdiction of the court;

(D) has been substantially diminished in value; or

(E) has been commingled with other property that cannot be divided without difficulty,

the United States will seek to forfeit any other property of the defendant up to the total value of the property subject to forfeiture pursuant to Title 21, United States Code, Section 853(p), as incorporated by reference in Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 982(b)(1).

A TRUE BILL:
ORIGINAL SIGNATURE ON FILE
FOREPERSON OF THE GRAND JURY

KENNETH MAGIDSON
UNITED STATES ATTORNEY

By: _____
RUBEN R. PEREZ
ASSISTANT UNITED STATES ATTORNEY

_____
JOSEPH C. MAGLIOLO
ASSISTANT UNITED STATES ATTORNEY